CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 31 2007

JOHN F CORCORAN, CLERK
BY: /s/ K. Botson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **GREGORY L. MILLER,** | ) | Case No. 5:06CV00099 |
| *Plaintiff* | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| **MICHAEL J. ASTRUE,** [1] | ) | By: Hon. James G. Welsh |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| *Defendant* | ) | |

The plaintiff, Gregory L. Miller, brings this action pursuant to 42 U.S.C. § 1383(c)(3) challenging the final decision of the Commissioner of the Social Security Administration ("the agency") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 1381-1383f. Jurisdiction of the court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 4205(g).

The Commissioner's Answer was filed on February 23, 2007 along with a certified copy of the administrative record ("R.") containing the evidentiary basis for the findings and conclusions set forth in the Commissioner's final decision. By order of referral entered three days later, this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, and 28 U.S.C. § 405(g) he is substituted, in his official capacity, for Jo Anne B. Barnhart, the former Commissioner.

The plaintiff subsequently filed a Motion for Summary Judgment on March 28, 2007, and same is deemed to be his brief addressing the reason why he believes the final decision of the Commissioner ought to be reversed.[2] Therein, he contends that the decision of the administrative law judge ("ALJ") was the result of bias, was based on an incomplete review of the evidence, and was not supported by substantial credible evidence. No written request was made for oral argument.[3] On June 29, 2007, the Commissioner filed his Motion for Summary Judgment and supporting memorandum. The undersigned having now reviewed the administrative record, the following report and recommended disposition are submitted.

I. **Standard of Review**

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the conditions for SSI entitlement established by and pursuant to the Act. "Under the . . . Act, [a reviewing court] must uphold the factual findings of the [Commissioner], if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F3$^d$ 171, 176 (4th Cir. 2001) (*quoting Craig v. Chater*, 76 F.3$^d$ 585, 589 (4th Cir. 1996)). This standard of review is more deferential than *de novo*. "It consists of more than a mere scintilla of evidence but may be

---

[2] Pursuant to paragraph 1 of the court's Standing Order No. 2005-2, the plaintiff in a Social Security case must file, within thirty a days after service of the administrative record, "a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision otherwise should be reversed or the case remanded." In minimal compliance with the intent of this Standing Order, the plaintiff's summary judgment motion sets forth the reasons he believes the final decision of the Commissioner is legally deficient, and it references the court to parts of the administrative record he deems supportive of his position.

[3] Paragraph 2 of the court's Standing Order No. 2005-2 direct that a plaintiff's request for oral argument in a Social Security case, must be made in writing at the time his or her brief is filed.

2

somewhat less than a preponderance." *Mastro*, 270 F.3d at 176 (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642). "In reviewing for substantial evidence, [the court should not] undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* (*quoting Craig v. Chater*, 76 F.3d at 589). The Commissioner's conclusions of law are, however, not subject to the same deferential standard and are subject to plenary review. *See Island Creek Coal Company v. Compton*, 211 F.3d 203, 208 (4th Cir. 2000); 42 U.S.C. § 405(g).

II.   Administrative History

The record shows that the plaintiff protectively filed his current application for SSI on or about December 1, 2004 claiming disability beginning March 4, 2003.[4] (R.18,381-383,392-394). After his application was denied, both initially and on reconsideration, an administrative hearing on his SSI application was held on May 4, 2006 before an ALJ. (R.346-352,355-378,683-734). At the hearing, the plaintiff was present, testified and was represented by counsel. (R.353-354,683-684,688-722). Utilizing the agency's standard five-step inquiry,[5] the plaintiff's SSI claim was denied by written administrative decision on July 28, 2006. (R.16-26).

---

[4] The plaintiff had previously filed SSI applications in January 1991, March 1992, February 1997, September 1997, April 1997, and April 2003. He had previously received SSI from January 1991 through January 1996. The most recent of the plaintiff's prior SSI applications (dated April 28, 2003) was denied by written ALJ decision dated July 26, 2004. (R.335-345, 392).

[5] Determination of eligibility for social security benefits involves a five-step inquiry. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). It begins with the question of whether the individual engaged in substantial gainful employment. 20 C.F.R. § 416.920(b). If not, step-two of the inquiry requires a determination of whether, based upon the medical evidence, the individual has a severe impairment. 20 C.F.R. § 416.920(c). If the claimed impairment is sufficiently severe, the third-step considers the question of whether the individual has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 416.920(d). If so, the person is disabled; if not, step-four is a consideration of whether the person's impairment prevents him or her from returning to any past relevant work. 20 C.F.R. § 416.920(e); 20 C.F.R. § 416.945(a). If the impairment prevents a return to past relevant work, the final inquiry requires consideration of whether the impairment precludes the individual from performing other work. 20 C.F.R. § 416.920(f).

3

At the first decisional step, the ALJ reviewed the plaintiff's ongoing work activity testimony, noted the plaintiff's failure to provide accurate information concerning his unreported cash earnings, and concluded that the record did not permit a determination of the true extent of the plaintiff's relevant work activity. (R.20-21). Based on this inability to make a definitive finding that the plaintiff was engaged in decisionally significant work activity, the ALJ continued with his sequential evaluation.

At step-two the ALJ concluded that the medical evidence established plaintiff's chronic obstructive pulmonary disease ("COPD"), low back pain secondary to degenerative disc disease at L4/5 and L5/S1, pancreatitis secondary to alcohol abuse, cirrhosis of the liver, and post-surgery residuals of a hand contracture condition to be conditions of vocational relevance and, therefore, "severe" impairments [6] within the meaning of the Act. (*Id.*). In contrast, he concluded that neither the plaintiff's anxiety nor his depression constituted a severe impairment. (R.21).

At the third sequential step, the ALJ discussed in considerable detail the basis for his conclusion that the plaintiff's depression failed to meet or to equal medically the requirements of Listing 12.04 and similarly the basis for his conclusion that the plaintiff's anxiety failed to satisfy the requirements of Listing 12.06. (R.21-22). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. In contrast, at this third decisional step the ALJ's decision contains no discussion, consideration or

---

[6] Quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Fourth Circuit held in *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984), that "an impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *See also* 20 C.F.R. § 404.1520(c).

4

analysis of the medical severity of the several vocationally relevant medical conditions which he had identified at step-two.

After next assessing the plaintiff's functional ability and determining that he retained the capacity to do medium work (lift or carry fifty pounds occasionally and twenty-five pounds regularly, and stand or walk about six hours in an 8-hour workday), the ALJ concluded that the plaintiff could perform his past relevant work and was not under a disability at any time through the date of the decision. (R.22-26). 20 C.F.R. § 920(f) and (g).

After the ALJ's issuance of his adverse decision, the plaintiff made a timely request for Appeals Council review. (R.14-15). The request was subsequently denied (R.11-13) and the ALJ's unfavorable decision now stands as the Commissioner's final decision. *See* 20 C.F.R. § 416.1481.

### III. Facts

The plaintiff was born in 1953 and was fifty-two years of age [7] at the time of the administrative decision. (R.24,689). He completed a high school education, and his relevant work was found to be primarily as a residential painter, painter's helper and carpenter's helper. (R.24,689-693). As performed by the plaintiff, this work was all medium in exertional level and semi-skilled to skilled in nature. (R.24,723).

---

[7] At this age the plaintiff is classified as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d).

5

During the decisionally relevant time period, the medical record shows that the plaintiff was treated at the University of Virginia ("UVa") Medical Center for a number of impairments, including diabetes, pancreatitis, COPD, depression, and low back pain. (*E.g.*, R.458-459,465,471-474,693-694). During this time, his COPD, low back pain, and depression were pharmacologically managed and generally remained stable. (R.458-459,464).

The medical record does show, however, that the plaintiff required a period of hospitalization in March 2005 as the result of increased shortness of breath and a positive stress test. (R.471-532). A subsequent pulmonary function test demonstrated medically significant obstruction, respiratory impairment, and reduced diffusion. (R.542-544). In connection with these breathing difficulties, the plaintiff's medication regime was adjusted, and the use of oxygen during physical activity was suggested. (R.473,553).

Similarly, the medical record shows an exacerbation of the plaintiff's low back symptoms later the same month. (R.541). An MRI scan showed confirmed L4/5 and L5/S1 disc space narrowing and associated degenerative disc disease. (R.541).

Although the plaintiff mentioned both his COPD and his low back pain to Dr. A. Arthur Steele during a consultive examination in April 2005, the plaintiff apparently attributed his inability to work to be largely due to depression and diabetes. (R.547-552). On examination Dr. Steele found no evidence of any neurologic abnormality and no significant spinal or other musculoskeletal abnormality. (R.549). In Dr. Steele's view, the plaintiff's functionally significant, but non-disabling, medical problems were COPD as a consequence of cigarette addiction, alcoholism, and pancreatic-

6

related insulin and enzyme insufficiency. (*Id.*). This conclusion was reached, however, without any testing or assessment of functional capacity.

At the hearing, the plaintiff confirmed his age and education, and he testified that he routinely performed odd jobs, such as work as a painter, mower, carpenter, and plumber's helper. (R.692-693,716). In addition, he testified that he is generally able to walk once, and sometimes twice, a day the approximately four hundred (400) feet from his home to and from the local post office, that he has the ability to lift about twenty (20) pounds without difficulty, and that he does his own grocery shopping at least once each month. (R.703-706,708709).

### IV. Analysis

In *Cook v. Heckler*, 783 F.2$^d$ 1168 (1986), the Fourth Circuit remanded the case to the agency for further explanation because of the ALJ's failure to explain his conclusion that the plaintiff's significant disabilities were not equivalent to any listed impairment. Therein, the court explained:

> The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the plaintiff's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.

*Id.* at 1173.

Despite the plaintiff's indefinite contention that the ALJ's review of the evidence was incomplete and the plaintiff's failure to suggest any pertinent case law authority to support this assignment of error, it is clear from the record that the ALJ did not undertake to make a comparison

7

of any listing criteria to any of the plaintiff's relevant "severe" impairments. Unless such a particularized determination is made, it is not possible for a reviewing court to tell whether substantial evidence to support the determination that an individual's identified impairments do not meet or medically equal one of the Listing of Impairments, located in 20 C.F.R. Part 404, Subpart P, Appendix 1.

It is only when the record reflects a comparison of the individual's impairment-related symptoms, signs, and laboratory findings with the corresponding listing criteria that such a determination can be made. *See* 20 C.F.R. §§ 416.925 and 416.926(a); *Cook v. Heckler*, 783 F.2$^d$ at 1172; *Ketcher v. Apfel*, 68 F.Supp. 2$^d$ 629, 646-47 (D. Md. 1999); *Combs v. Astrue*, 2007 U.S. Dist. LEXIS 28391, *23 (WDVa). Likewise, it is the ALJ's obligation to consider whether an individual's impairments in combination are or are not of listing-level such severity. *See* 42 U.S.C.A. § 423(d)(2)(B); *Hines v. Bowen*, 872 F.2$^d$ 56, 59 (4th Cir. 1989) (a "failure to establish disability under the listings by reference to a single, separate impairment, does not always prevent a disability award").

Having failed to heed this step-three obligation to address the identified "severe" impairments and the relevant listing criteria and further having failed to provide an explanation of his reasoning, the ALJ's decision does not provide an adequate basis for court review. This error at step-three warrants reversal and remand.[8]

---

[8] The court is obligated to keep in mind that any applicant for disability is entitled to a full and fair consideration of his or her claim, and a failure to receive such consideration may constitute sufficient cause to remand the case. *See Sims v. Harris*, 631 F.2$^d$ 26, 27 (4th Cir. 1980).

8

Because remand is necessary for the Commissioner to make the proper step-three evaluation of the plaintiff's several "severe" impairments, the court need not consider the plaintiff's other allegations of error.

### V. Proposed Findings of Fact

As supplemented by the above summary and analysis and on the basis of a careful examination of the full administrative record, the undersigned submits the following formal findings, conclusions and recommendations:

1. The Commissioner's final decision fails to consider adequately all of the evidence in this case;

2. The Commissioner's final decision is not supported by substantial evidence;

3. It is proper to reverse the Commissioner's decision and to remand the case to the Commissioner, pursuant to "sentence four" of 42 U.S.C. § 405(g), for reconsideration in a manner consistent with this report and recommendation; and

4. On remand, the parties should have the opportunity to introduce such additional evidence as they may be advised is appropriate.

### VI. Recommended Disposition

For the foregoing reasons, it is RECOMMENDED that an order enter DENYING the defendant's motion to dismiss, VACATING the final decision, REMANDING the case to the Commissioner for further proceedings and reconsideration in a manner consistent with this Report and Recommendation and with the parties to have the opportunity to introduce such additional evidence as they may desire, and DISMISSING this case from the docket of the court.

9

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge.

### VII. Notice to the Parties

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within ten (10) days hereof. **Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties**. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: 30th day of July 2007.

/s/ JAMES G. WELSH
United States Magistrate Judge